UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, S

2008 JUN 20  A 10: 0.

David A. Weatherspoon,                            ) C/A No.  9:08-2075-PMD-GCK
                                                  )
                              Plaintiff,          )
                                                  )
vs.                                               )
                                                  )
Greer City Police Department,                     )        **Report and Recommendation**
                                                  )
                              Defendant.          )

---

The Plaintiff, David A. Weatherspoon (Plaintiff), proceeding *pro se*, brings this action

pursuant to 42 U.S.C.  § 1983.[1]  Plaintiff is an inmate at Broad River Correctional Institution, a

facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma*

*pauperis* under 28 U.S.C. § 1915.  The complaint names the Greer City Police Department as the

sole Defendant. [2]   Plaintiff, whose complaint fails to seek any type of damages, claims he was

injured while in the Defendant's custody .  The complaint should be dismissed for failure to state a

claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has



---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C.,
the undersigned is authorized to review such complaints for relief and submit findings and
recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner
seeks redress from a governmental entity or officer or employee of a governmental entity."

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d

2

1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### Background

Plaintiff alleges that, on January 14, 2008, he was traveling toward Greer, South Carolina, in his companion's car. Plaintiff indicates he was sleeping in the car, which was apparently stopped by a Greer police officer. Plaintiff was subsequently detained on an outstanding warrant. Plaintiff, who states he kept falling asleep during his transport in the police car, was placed in a holding cell. Plaintiff next remembers waking in a Greer hospital "with a exploding headache, blood running down my face, & stiches [sic]" above his right eye. Shortly thereafter, Plaintiff was transported back to a holding cell, where he remained for approximately two days. Plaintiff states his head and face were extremely swollen, however, he was not given any pain medication until transported to another county detention center. Plaintiff states he continues to suffer frequent memory loss and extreme headaches.

The relief section of Plaintiff's complaint is marked with a large "X" and the words "End of Statement." Plaintiff fails to indicate what, if any, type of relief he may be seeking as a result of his alleged injury.

### Discussion

While it is unclear exactly how the Defendant may have violated Plaintiff's constitutional rights, the instant facts could be liberally construed as an action alleging deliberate indifference to medical needs. The law is clear that correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *See Helling*

3

*v. McKinney*, 509 U.S. 25, 32 (1993); *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990)( "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee").

However, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In addition, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 & n. 2 (S.D.Ga. 1994); *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 471 (D.S.C. 2006).

In *Lamb v. Maschner*, 633 F. Supp. 351 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prison or jail provided any treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

4

*Lamb v. Maschner*, 633 F. Supp. at 353.   In the instant case, Plaintiff was provided treatment in a local hospital, after the alleged injury.  Plaintiff's only other complaint, that he did not receive pain medication over a forty-eight (48) hour period, is insufficient to rise to the level of deliberate indifference.  Thus, the plaintiff fails to show "deliberate indifference" on the part of the Greer City Police Department and  the complaint is subject to summary dismissal. *See Walker v. Peters*, 863 F. Supp. 671, 674 (N.D.Ill.1994)(under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

In any event, Plaintiff's claim against the local government Defendant, for an injury he allegedly received in police custody, must fail.  Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).   A municipality, such as the Defendant,  may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997).  Plaintiff fails to identify a policy or custom of the Greer City Police Department which caused his federal rights to be violated, thus he fails to state a claim against the Defendant.  As such, the complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

Additionally, Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violations.  Were this Court to find that Plaintiff's rights have been violated,  but order no remedy, it would, in effect, be rendering an advisory opinion.  Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP*

5

*v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983). *See also Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In absence of a request for relief from Plaintiff, the complaint filed in this case is frivolous and subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

June **20**, 2008
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).