IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David A. Weatherspoon, #255092,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> Greer City Police Department,  ) <br>  ) <br> Defendant.  ) <br> _____) | C.A. No.: 9:08-2075-PMD-GCK <br><br> **ORDER** |

This matter is before the court upon the recommendation of United States Magistrate Judge George C. Kosko that Plaintiff David A. Weatherspoon's ("Plaintiff" or "Weatherspoon") Complaint be dismissed without prejudice and without issuance of service of process. The record contains the report and recommendation (the "R&R") of Magistrate Judge Kosko, which was made in accordance with 28 U.S.C. §636(b)(1)(B). Plaintiff filed timely objections to the R&R.

## **BACKGROUND**

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on or about June 3, 2008. He alleges that during the early morning hours of January 14, 2008, he was a passenger in a vehicle that was traveling towards Greer, South Carolina. A Greer police officer stopped the vehicle, and although Plaintiff alleges that the charge "was taken care of," Plaintiff was detained on an outstanding arrest warrant and transported to Greer. Plaintiff, who states that he kept falling asleep during his transport in the police car, was placed in a holding cell. Plaintiff states in his Complaint, "The only thing I remember thereafter was waking with a[n] exploding headache, blood running down my face, and stitches . . . above my right eye. I was told that I was at Allen Bennette Mem[orial] Hospital in Greer." (Compl. at 4.) Plaintiff alleges he was later placed back into a holding cell and that although his face and head were extremely swollen, he asked for but did not

receive medication to ease the pain.  (*Id*.)[1]  He further alleges that "to this day" he suffers frequent memory loss and extreme headaches.  (*Id*.)  The "relief" section of his complaint is marked with a large "X" and the words "End of Statement."

Magistrate Judge Kosko issued a Report and Recommendation on June 20, 2008, in which he recommended dismissing Plaintiff's Complaint without prejudice and without issuance of service of process.  In the R&R, Magistrate Judge Kosko states that although it is unclear how the Defendant Greer City Police Department ("Defendant") may have violated Plaintiff's constitutional rights, "the instant facts could be liberally construed as an action alleging deliberate indifference to medical needs."  (R&R at 3.)  However, Magistrate Judge Kosko concludes Plaintiff's allegations fail to show deliberate indifference on the part of Defendant because (1) Plaintiff was provided medical treatment in the local hospital, and (2) the complaint that he did not receive pain medication for a forty-eight hour period is insufficient to rise to a level of deliberate indifference.  (*Id*. at 5.)  Furthermore, the R&R concludes that Plaintiff's Complaint fails to state a claim against the Greer City Police Department:

> A municipality, such as the Defendant, may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.  *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997).  Plaintiff fails to identify a policy or custom of the Greer City Police Department which caused his federal rights to be violated[;] thus he fails to state a claim against the Defendant.

(*Id*.)  Finally, the R&R concludes that because Plaintiff did not request any relief, "the complaint . . . is frivolous and subject to summary dismissal."  (*Id*. at 6.)

Plaintiff filed timely objections on or about June 30, 2008.

---

[1] He did receive pain medication about forty-eight hours later when he was transported to the Spartanburg County Detention Center.  (Compl. at 4.)

**STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R.  28 U.S.C. § 636(b)(1).  After a review of the entire record, the R&R, and Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  However, because the court assumes the Complaint has been amended for purposes of the analysis herein, the R&R is adopted to the extent it is consistent with this Order.

**ANALYSIS**

In his Objections, Plaintiff states,

> From my understanding . . . [the R&R] said that I failed to seek any type of damages. . . . Well my claim . . . is [that] I've endured a lot of pain and suffering.  I also wanted my doctor bill to be paid [be]cause I have no insurance to cover the bill and [I] did get hurt in Greer PD custody.  Also I don't think I should have been stuck straight into that holding [cell] and I could[] barely even stand or keep my eyes open.  They also should have at least checked my blood alcohol level.  I don't know how long it even took them to find me in that condition. . . . I don't remember if they even X-rayed me for the head injured [sic].

(Objections at 1-2.)  He further states, "I . . . don't understand a policy or custom of the Greer Police Dept.  I'm pretty sure the[y] violated my rights somehow."  (*Id.* at 2.)  In conclusion, Plaintiff "request[s] the court[ to] look back at this case and grant . . . compensation for the pain and suffering, doctor bills for the injury . . . received while in Greer Police custody."  (*Id.*)  He then states that he is "asking for $75,000."  (*Id.*)

Because Plaintiff is proceeding *pro se*, and because Plaintiff indicates in his Objections that he does in fact seek relief in the form of money damages, the court will assume for purposes of this Order that his Complaint has been amended to seek money damages in the amount of $75,000.

3

However, doing so does not change the fact that his Complaint is subject to dismissal. Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Accordingly, in order to state an action under § 1983, a plaintiff must allege: (1) the defendant is a person (2) who while acting in an official capacity and (3) under color of law (4) deprived plaintiff of a right guaranteed by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Where the named defendant is a municipality, the Supreme Court has held that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (emphasis in original). However, the Court imposed a substantial limitation on this liability: municipal governments may be sued only for their own unconstitutional or illegal policies. *Id.* at 690-91. Municipalities may not be sued for the acts of their employees. *Id.* The Court stated:

> [T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id.* at 691 (emphasis in original).

In the case *sub judice*, the only named Defendant is the Greer City Police Department. Although "municipalities and other local government units" are "persons" subject to liability for §

1983, police departments, like buildings and correctional institutions, are not usually considered legal entities subject to such suits. *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding the Denver Police Department was not a separate entity subject to suit), *vacating and remanding for consideration of mootness*, 475 U.S. 1138 (1986); *Post v. City of Fort Lauderdale,* 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as not subject to suit); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (holding that § 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit); *Shelby v. City of Atlanta,* 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (explaining that because police department is merely the vehicle through which the city government fulfills its policing functions, the city, and not its police department, is proper defendant in the suit).

However, even assuming Defendant is a municipal entity that can be sued under § 1983, Plaintiff has made no allegations of policy or custom. As discussed above, a local governmental entity cannot be held vicariously liable for the unconstitutional acts of its employees and is only liable under § 1983 if it causes a deprivation of constitutional rights through an official policy or custom. *See Monell,* 436 U.S. at 690-91; *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (affirming the district court's dismissal of the complaint because the complaint "failed to include any allegations suggesting the existence of an unconstitutional practice or custom"); *Watson v. Baxter*, 35 Fed. App'x 118, 120 (6th Cir. 2002) (affirming district court's dismissal of complaint against a police department in part because the plaintiff "failed to allege the existence of a governmental policy or custom relative to the nature of his claims," and "nothing in the record demonstrates that the alleged injuries . . . resulted from the application of a city policy or custom, and nothing in the complaint alleges that [the officer defendant's] actions or

inactions occurred as a result of a policy or custom endorsed by the city"); *Gold v. St. Matthews Police Dep't*, No. 3:07-1501-HMH-JRM, 2007 WL 2110475, at *3 (D.S.C. July 17, 2007) (dismissing the plaintiff's complaint in part because his allegations "against the Defendant St. Matthews Police Department fail to name a policy or establish a custom by the Police Department that deprives Plaintiff of a federal right"). Because there are no allegations of policy or custom, and nothing in the Complaint indicates Plaintiff was injured pursuant to a policy or custom, the court concludes the Magistrate Judge properly recommended dismissing Plaintiff's Complaint.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED**.

                                                                                         _____
                                                                                         PATRICK MICHAEL DUFFY
                                                                                         United States District Judge

**Charleston, South Carolina**
**August 14, 2008**

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.